**IT IS ORDERED as set forth below:**



**Date: November 13, 2014**

_Wendy L. Hagenau_
_____
**Wendy L. Hagenau**
**U.S. Bankruptcy Court Judge**

_____

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

|  |  |
|---|---|
| IN RE: | : CHAPTER 11 |
|  | : |
| MARIO M. WATKINS, | : CASE NO 14-69311-WLH |
| Debtor. | : |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - |
| MARIO M. WATKINS, | : |
|  | : |
| Movant, | : CONTESTED MATTER |
| v. | : |
|  | : |
| SELECT PORTFOLIO SERVICING INC. AS | : |
| SERVICER FOR EQUICREDIT | : |
| CORPORATION OF AMERICA, | : |
|  | : |
| Respondent. | : |

### SUPPLEMENTAL ORDER IMPOSING AUTOMATIC STAY

This matter comes before the Court on the Motion to Impose Automatic Stay (the "Motion"), filed concerning Debtor`s real property located in Fulton County, Georgia, now or formerly known as 4022 ROBIN CIRCLE, ATLANTA, GA 30349 (the "Property") which was set for hearing on October 16, 2014.   Select Portfolio Servicing Inc. as servicer for EquiCredit Corporation of America ("Respondent") filed a Response to the Motion on October 15, 2014.  This Order supplements, and does not replace, the Order Granting Motion to Impose Stay entered by this Honorable Court on October 31, 2014 imposing the automatic stay as against all creditors except Respondent.

At the hearing, the Court heard argument from counsel for the Debtor and counsel for Respondent. Based on statements of counsel and all matters of record, it is hereby

**ORDERED** that the Automatic Stay is hereby imposed against Respondent relevant to the Property.  It is further

**ORDERED** that:

Beginning on **November 1, 2014**, Debtor shall pay Movant all future monthly mortgage payments when due, in the amount of $1,037.34 effective with the November 1, 2014 payment. Additionally, if the loan is a non-escrowed loan, Debtor agrees to maintain adequate homeowner insurance coverage and remain current on all property taxes assessed.  These payments as well as the cure payments shall be sent by check, money order, or certified funds to:

> Select Portfolio Servicing, Inc.
> P.O. Box 65450,
> Salt Lake City, UT 84165

The ongoing mortgage payments and the payments necessary to cure the post-petition mortgage arrearage shall be governed by Strict Compliance provisions (identified below as the "Delinquency Motion" procedure).

Upon delinquency by Debtor in the payment of any sum specified herein for the remainder of this instant bankruptcy case, beginning in November, 2014, Movant may be permitted to recover and dispose of the Property pursuant to applicable state law only after submitting a Delinquency Motion (as more particularly described below) in the following manner:

(A)     Counsel for Movant shall serve the Trustee, Debtor, and Debtor`s counsel of record with written notice of the specific facts of the delinquency (the "**Delinquency Notice**"); said notice may be contained in a letter but shall

(1)    state that Debtor may cure the delinquency within ten (10)  calendar days of

receipt of said notice, and

(2)    provide the correct street address for mailing or delivering such payment;

Pursuant to this Order, Debtor shall be presumed to have received the Delinquency

Notice on the fifth (5th) calendar day following the mailing of said notice by Counsel

for Movant; provided, however, that

(a)    the Delinquency Notice is properly addressed to Debtor at the address

set forth on the Distribution List attached to this Order pursuant to BLR

9013-3 NDGa, unless Movant or Counsel for Movant receives notice in

writing of a change in Debtor`s address within a reasonable time prior to

mailing of the Delinquency Notice; and

(b)    the Delinquency Notice is not returned to Counsel for Movant by the

U.S. Postal Service as undeliverable by reason of improper address.

(B)    If Debtor fails to cure the delinquency within ten (10) days of receipt of said

written notice, Counsel for Movant may file, after service on both Debtor and Debtor`s counsel:

(1)  **a motion,** which must contain allegations of the specific facts of the delinquency;

provided, however, that, instead of alleging the facts of the delinquency in the motion (the

averments of which are subject to Rule 9011), the motion may be accompanied by an

affidavit **from Movant**[1] setting forth the specific facts of the delinquency;

(2)  a copy of the **Delinquency Notice**; and

(3)  **a proposed order** (the motion, affidavit, copy of the Delinquency Notice

and the proposed order are herein collectively referred to as the "**Delinquency**

---

1   However, where the Delinquency Notice states that the delinquency may be cured by payment to Movant's attorney,
    Movant will not have personal knowledge sufficient to support an allegation that Debtor failed to cure the delinquency.

**Motion**").

Upon filing of said Delinquency Motion, the Court may enter an order modifying the automatic stay without further notice or hearing.

Upon entry of an order modifying the automatic stay and completion of any foreclosure sale by Movant, all proceeds exceeding Movant's lawful debt shall be remitted promptly to the Debtor in Possession.

## [END OF DOCUMENT]

Prepared and Submitted by:

/s/ Lisa F. Caplan
Lisa F. Caplan
GA State Bar No. 001304
Rubin Lublin, LLC
3740 Davinci Court, Suite 150
Peachtree Corners, GA 30092
(877) 813-0992
lcaplan@rubinlublin.com
Attorney for Creditor

DISTRIBUTION LIST

Mario M. Watkins
3780 Sherbrook Court
College Park, GA 30349

Kenneth Mitchell
Giddens, Mitchell & Associates, P.C.
Suite 555
3951 Snapfinger Parkway
Decatur, GA 30035

Lisa F. Caplan, Esq.
Rubin Lublin, LLC
3740 Davinci Court, Suite 150
Peachtree Corners, GA 30092