UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| In Re | : | CHAPTER 11 |
| MARIO M. WATKINS | : | CASE NO. 14-69311 WLH |
| Debtor | : | |
| | : | |
| | : | |

**AMENDED DISCLOSURE STATEMENT**
**WITH REGARD TO DEBTOR'S AMENDED**
**PLAN OF REORGANIZATION**

COMES NOW,  Mario M. Watkins, debtor in possession herein and amends his chapter 11 Disclosure Statement filed on September 30, 2015 [Docket No.46] as follows.

1. Article VI., Paragraph 6.3(b) Class 3 is amended to provide that the IRS, claim shall be paid within 60 months of the petition date and that the IRS unsecured claim shall be paid in Class 4.
2. Article V Paragraph 5.4 is amended to list IRS' general unsecured claim in Class 4 and Paragraph Article VI., Paragraph 6.3 (b) Class 4. Is amended to provide for payment of the IRS' $4,808.40 general unsecured claim and to correct to total amount of unsecured claims.
3. Article VIII, Paragraph 8.2 is amended to correct the amount of general unsecured claims.

The amended disclosure statement is attached hereto.


Prepared and submitted,

                        GIDDENS , MITCHELL & ASSOCIATES P.C.
                        Attorney for Debtor
                        /S/Ken Mitchell
                        BY:  KEN MITCHELL,

5931 Snapfinger Pkwy, Suite 555
Decatur, Georgia  30035     770-987-7007
E-mail gmapclaw1@gmail.com

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

In Re                                :     CHAPTER 11
MARIO M. WATKINS           :     CASE NO. 14-69311 WLH
   Debtor                         :
                                        :
                                        :

**AMENDED DISCLOSURE STATEMENT
WITH REGARD TO DEBTOR'S AMENDED
PLAN OF REORGANIZATION**

### ARTICLE I.  INTRODUCTION, GENERAL INFORMATION

This Amended Disclosure Statement ("Disclosure Statement") has been prepared pursuant to section 1125 of Title 11 of the United States Code on behalf of MARIO M. WATKINS   (the "Debtor"), in connection with the Debtor's solicitation of votes on the Plan of Reorganization filed contemporaneously herewith, as the same may be amended from time to time (the "Plan"). This Disclosure Statement contains important information about the Debtor and the Plan.

The Debtor's reorganization proceedings were initiated on October 2, 2014 (the "Petition Date") in the United States Bankruptcy Court for the Northern District of Georgia, Atlanta Division.

In providing this Disclosure Statement to creditors, the Debtor seeks to enable parties to make an informed judgment on whether to approve or reject the Plan.

This Disclosure Statement contains a summary of the Plan, general information about the Debtor and important financial information concerning the Debtor's financial circumstances.

The information contained herein has been prepared by the Debtor in good faith based upon information available to the Debtor. The financial information contained herein has not been subjected to a verified audit.

The summary of the plan contained herein is intended as a summary only and is qualified in its entirety by reference to the Plan itself. Each creditor is encouraged to read, consider and carefully analyze the terms and provision of the Plan. In the event of any

conflict between the Disclosure Statement and the Plan, the terms of the Plan shall control.

The statements contained in the Disclosure Statement are made as of the date of the Disclosure Statement, unless another time is specified herein, and delivery of the Disclosure Statement shall not create an implication that there has been a change in the facts set forth herein since the date of this Disclosure Statement and the date the materials relied upon in preparation of this Disclosure Statement were compiled.

Most words or phrases used in this Disclosure Statement have their usual and customary meanings. Some words or phrases with initial capital letters have the definitions set forth in the Plan. Unless otherwise defined, the terms used in this Disclosure Statement have the meanings as in the Bankruptcy code or Bankruptcy Rules.

This Disclosure Statement may not be relied on for any purpose other than to determine how to vote on the Plan, and nothing contained herein shall constitute an admission of any fact or liability by any party, or be admissible in any proceeding involving the Debtor or any other party.

This Disclosure Statement, together with the Plan, should be read in its entirety. Additionally, it may be advisable for creditors and other parties in interest to consult their own counselor or other advisors with respect to the matters contained herein.

No representations concerning the Debtor, his future or the value of his property are authorized by the Debtor other than as set forth in this Disclosure Statement. Any representations or inducements made to creditors to secure an acceptance of the Plan which are other than as contained in this Disclosure Statement should not be relied upon in arriving at a decision.

The Court has not verified the accuracy of the information contained in this Disclosure Statement. The Court's approval of this Disclosure Statement does not imply that the Court endorses or approves the Plan, but only that if the information is accurate, it is sufficient to provide an adequate basis for creditors and interest holders to make informed decisions whether to accept or reject the Plan.

## ARTICLE II.  BRIEF DISCUSSION OF CHAPTER 11 OF THE BANKRUPTCY CODE.

Under Chapter 11 of the Bankruptcy Code, a debtor is afforded an opportunity to rehabilitate and to restructure his financial obligations to his creditors. In general, a debtor files a plan of reorganization which sets forth a proposal for settlement of the debtor's debts. A debtor's debts are classified as either being unsecured or secured, depending on whether the Debtor has pledged any of its property to the creditor as collateral for the debt.

After the plan of reorganization and the disclosure statement are filed, the United States Bankruptcy Court holds a hearing on the adequacy of the disclosure statement. If the Bankruptcy Court determines that the disclosure statement makes proper disclosures, then it is approved and the plan of reorganization and the disclosure statement, along with a ballot, are mailed to creditors and equity security holders for vote. Creditors and equity holders may either vote for or against the plan of reorganization.

In order for the plan of reorganization to be approved by creditors, a vote of two-thirds in amount and a majority in number of creditors of each class of "impaired" creditors who vote must affirmatively vote for the plan of reorganization. A creditor is "impaired" if it is not receiving precisely the same rights it was entitled to under its contract with the debtor before the filing of the Chapter 11 case.

If a class of impaired creditors does not accept the plan of reorganization, then the plan of reorganization may still be confirmed if it is "fair and equitable" as to such objecting class. The Code defines "fair and equitable" regarding unsecured creditors as generally meaning either payment of the entire amount of each creditor's claim or that no class of creditors or interest with a lesser priority will receive any consideration under the plan of reorganization. Regarding secured creditors, fair and equitable" generally means that the creditor receives the "indubitable equivalent" of its secured claim in cash or deferred payments with a present value equal to the amount of the secure claim.

When a debtor's plan of reorganization is confirmed, the debtor generally receives a discharge or release of all indebtedness which it does not pay under the provisions of the plan of reorganization.

### ARTICLE III.   GENERAL INFORMATION REGARDING DEBTOR

The Debtor, Mario M. Watkins is currently employed with the Atlanta Public School system as principal**.** He has had over 18 years of professional experience working in the field of public education. Over the life of his career he has not only served as a Site Administrator for the school system but has also led where he has implemented higher academic expectations for the teachers and students and acted as a fiscal agent and financial steward. Debtor has been successful in managing funds for himself personally, as well as a successful financial steward and budget planner for the school system. **He is currently pursuing a Ph.D. in Science Education at the University of Georgia.**

The Debtor's financial problems can be traced to Debtor's divorce in 2010.  The final decree of divorce ordered Debtor to pay, his ex-wife, Tamala S. Watkins, $9,141.00, representing what Debtor owed her after calculating marital expenses such as mortgage payments and utilities on the marital residence, not specifically stating a time or deadline for balance of the payment. In September of 2014 Tamala S. Watkins garnished debtor's wages.  Debtor' filed for relief under Chapter 11 on October 2, 1014 .On or about May 20, 2015, Tamala S. Watkins filed a Petition for Modification of Child Support and Contempt against Debtor.

4

## ARTICLE IV. POST PETITION EVENTS

Since the filing for protection under Chapter 11 of the Bankruptcy Code the Debtor has continued to manage its affairs as a Debtor-in-Possession under the authority of Sections 1107 and 1108 of the Bankruptcy Code.

The Chapter 11 filing has afforded the Debtor with "breathing space" within which to stabilize its affairs and to reorganize financially. Debtor also leased his rental property and negotiated the value of his rental property with the creditor holding the lien.

## ARTICLE V.  DEBT STRUCTURE

5.0 "Unclassified Claims" shall consist of all Allowed Claims for costs and expenses of administration as defined in the Code for which application for the allowance thereof or a proof of claim therefore is filed as provided in the Plan, as allowed, approved, and ordered paid by the Court and shall also include any and all fees due and payable to the United States Trustee under applicable law.

5.1 "Class 1". The secured claim of HSBC/Beneficial secured by a note and security deed on Debtor's residence at 3780 Sherbrook CT, College Park GA 30349.

5.2 "Class 2". The secured claim of Select Portfolito Servicing, Inc., as Servicer for Equicredit Corporation of America (Select). The claim is secured by a note and security deed on Debtor's property located at 4022 Robin Circle, Atlanta, GA  30349.

5.3 "Class 3". The unsecured priority claim of the Internal Revenue Service.

5.4 "Class 4 the unsecured claims of,  Bank of America, Chase,  Citibank USA, Citifinancial, Emory Adventist Hospital Smyrna, The IRS, Macy's, Portfolio Recovery, Office Depot,  Sears and The Home Depot

5.5  "Class 5" The unsecured claims of debtor's student loan creditors"

   1. Academic Loan Group/gl, Claims Filing Unit
   2. Navient Solutions, Inc. (Suntrust Bank)

5

5.6. "Class 6".  The general unsecured claim of McNally Weeks.

5.7. "Class 7". Claim of Tamla Watkins.

## ARTICLE VI.  SUMMARY OF THE PLAN

6.1 Brief Summary of Plan. The following summary of the Plan provides only a brief description of its provisions. The summary is qualified in its entirety by the more detailed descriptions of the Plan in the Disclosure Statement and by the terms of the Plan itself. The Plan, if confirmed and approved by the Court pursuant to Court Order, is a legally binding document. Parties in interest should read the Plan in its entirety and may wish to consult with a professional advisor with regard to the provisions of the Plan and its effects.

Presently Debtor owns his personal residence and 1 residential rental property. The Debtor's Plan contemplates that the Debtor will retain his personal residence and rental property, and propose a reasonable payment to creditors.

6.2 Retention of Property by the Debtor. Except as may be expressly provided otherwise in the Plan, upon confirmation the Debtor will retain all of the property of the estate free and clear of all liens, claims, and encumbrances not expressly retained by creditors. The Debtor will retain all of the rights, powers, and duties of a debtor in possession under the Bankruptcy Code.

6.3.  Treatment of Claims and Interest.

(a) Unclassified Claims. Each Holder of an Allowed Administrative Claim shall be paid: (i) cash or its equivalent in the full amount of its Allowed Administrative Claim on the later of the Effective Date and the dates such Claim is allowed or as soon thereafter as is practicable, or (ii) as the holder of the Allowed Administrative Claim and the Debtor may otherwise agree; provided, however, that any Allowed Administrative Claim may be paid in accordance with the ordinary business terms of payment of such Allowed Administrative Claim. Notwithstanding the foregoing, parties entitled to Professional Compensation shall receive cash in the amount awarded after a Final Order is entered by the Bankruptcy Court approving such Professional Compensation Claim, which may be filed at any time prior to entry of a Final Decree. Notwithstanding anything contained in the Plan to the contrary, any fees due to the United States Trustee shall be paid as and when they come due and prior to Confirmation, as well as those that accrue post-confirmation pursuant to 28 U.S.C. Section 1930 (a) (6), as amended by Section 211 of Public Law 104-99 (110 Stat. 26, 37-38), effective January 26, 1996.

( b ) Classified Claims

Class 1. The secured claim of HSBC/Beneficial. HSBC asserts a claim against the Debtor pursuant a note and deed to secure debt ("the note") on Debtor's primary residence.  There is no mortgage arrearage.  Debtor shall remain liable to HSBC on the note and shall pay HSBC the regular monthly payment of $1,630.00 per month pursuant to the terms of the note.

Class 2. The secured claim of Select secured by a note and security deed on Debtor's property located at 4022 Robin Circle, Atlanta, GA  30349.  Select's filed a $154,987.87 secured claim.  The debtor places the value of this property at $120,000.00.  The note securing Select's claim shall be modified so as to reduce the amount owed to Select on the 4022 Robin Circle, Atlanta, GA  30349 to $120,000.00.  Debtor shall remain liable on the note as modified. The modified note shall be amortized over a 15 year period at five percent (5.25%) interest. Beginning on the 1st business day of the 1st month following the effective date of the plan, Select shall be paid $1,159.00 per month.  Said payment shall continue on the 1st day of each month thereafter for 180 months until the claim is paid in full as provided herein.

 Class 3. The unsecured priority and general unsecured claims of the Internal Revenue Service (IRS).  The IRS filed and unsecured priority claim in the amount of $24,826.49 and a general unsecured claim in the amount $4,808.40. The IRS shall be paid the present value of its priority claim plus 4.5% percent interest within 60 months of the petition date.  The unsecured portion of the IRS's claim shall be paid in class 4.

Beginning on the 5th business day of the 1st month following the effective date of the plan, the IRS shall be paid $675.76 per month.  Said payment shall continue on the 5th day of each month thereafter the IRS is paid in full as provided herein.

Class 4 The general unsecured claims of the following creditors:

| | |
|---|---:|
| 1.  Bank of America | $ 32,756.00 |
| 2.  Chase | 7,620.00 |
| 3.  Citibank USA | 4,918.00 |
| 4.  Citifinancial | 5,335.00 |
| 5.  Emory Adventist Hospital Smyrna | 952.00 |
| 6.  IRS | 4,808.40 |
| 7.  Macy's | 7,002.00 |
| 8. Portfolio Recovery | 880.00 |
| 9.  Office Depot | 301.00 |
| 10.  Sears | 4,500.00 |
| 11 The Home Depot | 200.00 |
| Total | $104,260.27 |

General unsecured creditors shall be paid 10% of their respective claims over a 36 month period unless sooner paid, beginning 30 days from the effective date of the plan, in full satisfaction of their respective claims.

"Class 5" The unsecured claims of debtor's student loan creditors"

| | |
|---|---|
| 1. Academic Loan Group/gl, Claims Filing Unit | $226,082.85 |
| 2. Navient Solutions, Inc. (Suntrust Bank) Claim #2 | 55,504.57 |
| 3. Navient Solutions, Inc. (Suntrust Bank) Claim #3 | 66,504.92 |
| 4. Navient Solutions, Inc. (Suntrust Bank) Claim #4 | 27,412.11 |
| 5. Navient Solutions, Inc. (Suntrust Bank) Claim #5 | 56,014.39 |
| Total | $471,518.84 |

As of the date of this plan debtor is a student and is expected to complete his studies in May of 2016. The payments on the student loans are deferred until 6 months following the date he completes his education or is no longer a student. Under the plan Academic Loan Group/gl and the Navient claims will be paid $250 per month each beginning December 1, 2016. Debtor does not waive his right to apply for waiver and or forgiveness of the student loans under any Federal or State Student Loan Forgiveness Program.

"Class 6". The general unsecured claim of McNally Weeks. McNally Weeks filed an unsecured claim in the amount of $7,466.16. McNally Weeks shall be paid $750.00 as full satisfaction of its claim. McNally Weeks shall be paid $750.00 on the distribution date.

"Class 7". The $9,141.00 unsecured claim of Tamla Watkins. Debtor disputes this claim. Tamla Watkins will be paid $2,285.00 as full satisfaction of her claim over 12 months. Beginning on the 5th day of the 1st month following the effective date of the plan, Tamla Watkins will be paid $190.41 per month. Said payment shall continue on the 5th day of each month thereafter until the claim is paid in full as provided herein. Debtor does not waive any rights or defenses he has or may have to dispute or set off the claim owed to Tamla Watkins.

ARTICLE VII. LITIGATION INVOLVING THE DEBTOR

The Debtor is unaware of any claims that might result in post-Petition Bankruptcy litigation against him.

## ARTICLE VIII: LIQUIDATION ANALYSIS

8.1 Assets.    Debtor estimates that his not exempt assets has no liquidation value and will yield not payment to unsecured creditors it the secured creditors foreclosed in the mortgages securing their claims.

| Assets | Estimated Value | Secured Claim (liabilities) | Estimated amount available to unsecured creditors |
|---|---|---|---|
| **Real Property** | | | |
| 3780 Sherbrook Court College Park, Ga. | 270,000.00 | 273,338.00 | -0- |
| 4022 Robin Circle College Park, Ga. | 120,000.00 | 154,987.00 | -0- |

| Assets | Estimated Value | Liquidation Value | Exemption Claimed | Estimated amount available to Creditors |
|---|---|---|---|---|
| **Personal Property** | $47,250.00 | $47,250.00 | $44,900.00 | $2,350.00 |

8.2 Liabilities

| | |
|---|---|
| Administrative Claims | $   7,500.00 |
| Secured claims | 428,325.00 |
| Unsecured Creditors | 104,260.27 |
| Unsecured Student Loans | 471,518.84 |
| Tamala Watkins | 9,141.00 |
| McNally Weeks | 7,466.16 |
| . | |
| Total Debt | 1,027,483.27 |

8.3  Liquidation Analysis

If the Plan is not confirmed, the theoretical alternatives include Chapter 7 liquidation or an alternative Plan of Reorganization. A Chapter 7 liquidation entails certain unknowns, chief among the unknowns being the degree of loss of asset value as well as the increase in administrative priority expense to the Debtor1s estate.

Debtor owes more on his real property than they are worth.  If this case were a chapter 7 liquidation, debtor could probably re-affirm the mortgage on his residence.  The remaining residential rental property will be foreclosed on by secured creditors.  His student loans are probably non dischargeable.  Therefore, the Debtor believes that, under a forced liquidation, No claims would be paid in full. Unsecured creditors would receive no recovery.

Under the Plan, however, the Debtor proposes to pay its administrative, secured, and general unsecured creditors more than they would receive under chapter 7. The Plan, therefore, is clearly preferable to a forced liquidation.

## ARTICLE  IX   FEASIBILITY OF PLAN

The Plan provides that the Debtor will continue in possession of his assets after confirmation.  Debtor's source of income is monthly wages received from his employment and income received from his rental property.  A listing of Debtor's revenues, expenses and net income through July, 2015 under Chapter 11 are attached hereto in Exhibit "A".

Debtor believes that the foregoing demonstrates that the Debtor will have sufficient funds at his disposal in order to fund the Plan. It therefore appears that Debtor's Plan is feasible.

## CONCLUSION.

For all the foregoing reasons, the Debtor believes that the Plan is in the best interest of its creditors and that it should be confirmed. Debtor urges its creditors to vote in favor of the Plan.

This 19th  day of   November, 2015


/S/Mario M. Watkins
MARIO M. WATKINS, DEBTOR

Prepared and submitted,
GIDDENS , MITCHELL & ASSOCIATES P.C.
Attorney for Debtor
/S/Ken Mitchell
BY:  KEN MITCHELL,
5931 Snapfinger Pkwy, Suite 555
Decatur, Georgia  30035     770-987-7007
E-mail gmapclaw1@gmail.com.

10

EXHIBIT 'A'

## POST PETITION REVENUE AND EXPENSES AS OF JULY 2015

|  |  | INCOME | EXPENSES | NET INCOME |
|---|---|---|---|---|
|  | 2014 |  |  |  |
| OCT |  | 4758.99 | 3785.8 | 973.19 |
| NOV |  | 5106.69 | 4126.12 | 980.57 |
| DEC |  | 4976.48 | 5301.21 | -324.73 |
|  | 2015 |  |  |  |
| JAN |  | 5116.36 | 4757.77 | 358.59 |
| FEB |  | 6079.15 | 5973 | 106.15 |
| MAR |  | 6146.65 | 6491 | -344.35 |
| APR |  | 6034.65 | 5772.42 | 262.23 |
| MAY |  | 5534.64 | 5594.33 | -59.69 |
| JUNE |  | 7349.73 | 8382.74 | -1033.01 |
| JULY |  | 6,310.66 | 6199.05 | 111.61 |
| TOTAL |  | 57414 | 56383.44 | 1030.56 |

11

## MARIO M WATKINS PAYMENT SCHEDULES

| CREDITOR | Claim Amount | Amount to b paid under plan | Monthly Payment |
|---|---|---|---|
| Administrative Expense | 7,500.00 | 7,500.00 | 500 |
| US Trustee Quaterly Fees | | 1,125.00 | 93.75 |
| **SECURED CLAIMS** | | | |
| HSBC/BENEFICIAL (f/k/a Caliber | | | |
| 3780 Sherbrook Court | 273,338.00 | 273,338.00 | 1630 |
| SELECT | | | |
| 4022 Robir Circle | 154,987.00 | 120,000.00 | 1159 |
| **UNSECURED PRIORITY** | | | |
| Internal Revenue Service | 24,826.49 | 24,826.49 | 675.76 |
| **GENERAL Unsecured** | | | |
| Bank of America | 37,756.00 | 3,775.60 | 105 |
| Chase Mortgage | 7,620.00 | 762.00 | 21 |
| Citibank | 4,918.00 | 491.80 | 13 |
| CitiFinancial | 5,335.00 | 533.50 | 53 |
| Emory Adventist | 952 | 95.20 | 95.2 |
| Macy's | 7,002.00 | 700.20 | 11 |
| Portfilio Recovery | 880.00 | 88.00 | 88 |
| Office Depot | 301.00 | 30.10 | 30.1 |
| Sears | 4,500.00 | 450.00 | 12.5 |
| The Home Depot | 200.00 | 20.00 | 20 |
| IRS | 4,808.00 | 480.80 | 13.33 |
| Class 6  McNally Weeks | 7,466.00 | 746.60 | 746 |
| Class 7  Tamla Watkins | 9,141.00 | 2,285.00 | 190.41 |
| **Unsecured Student Loans** | | | |
| Academic | 226,082.85 | 226,082 | 250 |
| Navient Solutions2 | 55504.57 | 55505.57 | 250 |
| Navient Solutions3 | 66504.92 | 66504.92 | 250 |
| Navient Solutions4 | 27,412.11 | 27412.11 | 250 |
| Navient Solutions5 | 56014.39 | 56014.39 | 250 |
| **Total Claims** | 983,049.33 | 868,767.28 | 6,707.05 |

\*\*Debtor reserves the right to pay any claim in the amount of $500.00 or less in full on the distribution date.
\*\*Payment on student loans are anticipated to begin in December 2016

# 3 YEAR POST CONFIRMATION BUDGET

| | Month 1 | Month 2 | Month 3 | Month 4 | Month 5 | Month 6 | Month 7-12 | Month 13-24 | Month 25-36 |
|---|---|---|---|---|---|---|---|---|---|
| **INCOME** | | | | | | | | | |
| Net APS Salary | 5,030 | 5,030 | 5,280 | 5,280 | 5,280 | 5,280 | 34,680 | 84,000 | 84,000 |
| Rental Income | 1,030 | 1,030 | 1,030 | 1,030 | 1,030 | 1,030 | 6,690 | 14,440 | 18,000 |
| Total Income | 6,060 | 6,060 | 6,310 | 6,310 | 6,310 | 6,310 | 41,370 | 98,440 | 102,000 |
| **EXPENSES** | | | | | | | | | |
| Ch 11 Payments | 5,349 | 4,383 | 4,383.00 | 4,383 | 4,383 | 4,383 | 26,298 | 56,345 | 67,595 |
| Monthly Living Expenses | 3,985 | 2,500 | 2,000 | 2,000 | 2,000 | 2,000 | 12,000 | 28,800 | 31,680 |
| Total Expenses | 9,334 | 6,883 | 6,383 | 6,383 | 6,383 | 6,383 | 38,298 | 85,145 | 99,275 |
| Net Income | -3,274 | -823 | -73 | -73 | -73 | -73 | 3,072 | 13,295 | 2,725 |